CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 1 1 2005
BY: JOHN F. CORCORAN, CLERK
    /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID A. FARMER, ) | |
| Plaintiff, ) | Civil Action No. 7:05-cv-00430 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DAVID W. STEIDLE, et. al., ) | By: Hon. James C. Turk |
| Defendant(s). ) | Senior United States District Judge |

Plaintiff David A. Farmer, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Farmer alleges that the defendant, David Steidle, a public defender who represented Farmer during criminal proceedings, mislead Farmer into accepting a certain, unidentified trial strategy which did not turn out as promised. Steidle withdrew as Farmer's counsel before proceedings concluded. As relief in this action, Farmer seeks to have his felony conviction reduced to a misdemeanor and to have his sentence reduced to time served. He also seeks to recover $5000 in monetary damages from the defendant.

Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487

1

U.S. 42 (1988). Defense attorneys do not act "under color of" state law while representing their clients and are, therefore, not amenable to suit under color of state law, whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981). When recommending a trial strategy to Farmer, the defendant was acting within his capacity as defense counsel, representing his client in an adversarial role against the state. Therefore, the defendant was not acting under color of state law and is not subject to suit under §1983 for the challenged actions. The court must dismiss Farmer's §1983 claims accordingly, pursuant to §1915A(b)(1). An appropriate order shall be issued this day.

To the extent that Farmer challenges the validity of his confinement (the fact of his conviction and/or the length of his sentence), he may not seek such relief under §1983. Rather, he must proceed under federal habeas corpus statutes, which require him to exhaust his state court remedies before filing a habeas petition in this court.[1] See 28 U.S.C. §2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

In this case, the complaint offers no indication whatsoever that Farmer has ever presented to the Supreme Court of Virginia any constitutional challenges to the validity or length of his

---

[1] In Virginia, a non-death row felon can exhaust his state remedies in one of three ways. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code §8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider. See Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)(denying certain claims on exhaustion principles where claims were not raised on direct appeal to the Supreme Court of Virginia).

2

confinement. Because Farmer has not demonstrated exhaustion of state court remedies, this court will not construe his present pleading as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Dismissal of this §1983 action without prejudice, however, does not affect Farmer's rights to file a §2254 petition challenging his conviction, once he has exhausted state court remedies.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of July, 2005.

*[signature]*
Senior United States District Judge

3